# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMIEL JOHNSON,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:18-CV-1770** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **JOHN E. WETZEL**, *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I. Introduction

Presently before the Court is Mr. Johnson's Motion to Reopen his case. (ECF No. 7.) The Court will construe his filing as a motion for reconsideration of the Court's October 17, 2018, Order dismissing his action without prejudice due to his failure to timely apply to proceed *in forma pauperis* and Authorization forms. (ECF No. 6.) For the following reasons, Plaintiff's motion will be denied.

## II. Background

On September 5, 2018, Mr. Johnson filed the above captioned civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events that transpired at SCI-Smithfield in May 2016. (ECF No. 1.) By Administrative Order dated September 13, 2018, the Court directed Mr. Johnson, within thirty days, to either pay the $350.00 filing fee and $50.00 administrative fee or complete the proper *in forma pauperis* and authorization form allowing

prison officials to deduct the $350.00 filing fee in installments, when funds were available, from his prison account. The Court simultaneously mailed Plaintiff copies of the requisite forms for his completion. (ECF No. 5.) On October 17, 2018, the Court dismissed Mr. Johnson's action without prejudice due to his failure to submit the appropriate forms or pay the filing fee. (ECF No. 6.)

**III.    Standard of Review**

A motion for reconsideration filed pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645 - 46, 162 L.Ed.2d 480 (2005). To prevail on a Rule 60(b) motion, the moving party must establish mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1) - (6).

**IV.    Discussion**

Mr. Johnson filed his motion for reconsideration on December 27, 2018, requesting the Court to reinstate his action and forgive his omission of failing to comply with the Court's Administrative Order. He claims that due to his November transfer he did not have access to his property nor did he have enough envelopes or legal postage to mail the requisite forms back to the Court. (ECF No. 7, *generally*.) First, although Mr. Johnson alleges he had difficulty accessing his property and/or legal postage following his

November 1, 2018, transfer to SCI-Coal Township, this does not explain why he could not timely comply with the Court's September 13, 2018 Administrative Order or seek an enlargement of time to do so. Mr. Johnson had until mid-October to file the required forms or pay the filing fee. His transfer occurred after the Court's response deadline, not before it. Second, the difficulties Mr. Johnson experienced in November 2018 concerning his limited access to legal postage and/or envelopes do not clarify why he waited until December 27, 2018 to file his motion for reconsideration. Therefore, having failed to meet the requirements of a motion for consideration, Mr. Johnson's motion will be denied.

An appropriate order follows.

**Date: May 2, 2019**　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　**United States District Judge**